Kascak *v.* United Societies of Greek Catholic
Religion of U. S. A., Appellant.

Argued September 27, 1934.

Before Keller, Cunningham, Baldrige, Stadtfeld, Parker· and James, JJ.

*Francis Taptich* and *M. S. DePierro,* for appellant.

*G. John Bruger,* and with him *George I. Puhak,* for appellee.

Opinion by James, J., March 5, 1935:

Defendant has appealed from a judgment entered on a verdict in an action upon a beneficial certificate and complains of the refusal of its motions for a new trial and judgment n. o. v.

John Kascak, husband of Anna Kascak, entered a suit against the defendant fraternal benefit society as a beneficiary upon a certificate in the sum of $1,000 that was issued to Anna Kascak at the time of her admission to one of the subordinate lodges, No. 124 at Stockton, Pa., in February, 1924. She died June 22, 1930. Anna Kascak's membership continued in the subordinate lodge and monthly dues on her behalf were paid in full from the time of her admission up to March 17, 1929. The defendant owns and publishes a weekly paper containing matters pertaining to the official business of the defendant and other matters of interest to its members. Under date of March 21, 1929, the paper contained an item to the effect that

Anna Kascak, the insured, John Kascak, plaintiff herein, George Kascak and Fedor Tomko were expelled from the defendant society, but this item was corrected in the April issue. Sometime in March, the supreme president of the defendant society visited the home of the plaintiff and his wife, and informed them that the notice of expulsion was an error and that he and the wife were reinstated. According to the testimony of the plaintiff, the supreme president of the society directed him to go to see the secretary of the local organization and "square up" with him; that on or about the 17th or 18th day of May, 1929, he offered Michael Sabolchick, secretary of the Stockton lodge at the latter's home, the sum of $50 in order to pay the arrears of himself and his wife and two others, and the secretary refused to accept the money from him and refused to open the books because of the expulsion of the members. In this he was corroborated not only by his son, Michael, but by Edward Bellas who was called as a witness by the defendant society. This testimony was contradicted by the secretary of the Stockton lodge, who testified that no money was offered by the plaintiff in payment of the wife's dues after March, 1929. Defendant's contention was that Anna Kascak was suspended on June 1, 1929 for failure to pay the dues for the months of April and May. Considerable correspondence between the plaintiff himself and the supreme officers of the organization relating to the alleged expulsion and the failure to pay the dues, was introduced both by the plaintiff and the defendant. The questions were submitted to the jury, who found for the plaintiff.

In discussing the various questions that have been raised by the appellant, we shall discuss them in the order in which they are argued in appellant's brief. The first question designated (a) is, "whether plaintiff as beneficiary is entitled to a verdict without pleading or offering testimony at the trial that he

has exhausted all of the forums provided by the by-laws or waiver thereof by the defendant." From an examination of the pleadings and the entire record, we find no suggestion that this question was raised in the pleading, during the trial or in the several motions made subsequent to the verdict. Not having raised the question until this late hour, we cannot hold that the court was in error when this defense was never asserted.

(b) Appellant complains as to the following portion of the court's charge, "whether there have been infractions of such by-laws or rules is for you to determine." This portion of the charge is immediately preceded by a direction on the part of the court that it was the duty of the insured to abide by all the by-laws and regulations of the association and that in case the regulations and by-laws had not been complied with the jury should find for the defendant. This was clearly a correct statement of the duty of the jury; it is for them to weigh the credibility of the witnesses and determine whether the by-laws had been complied with. Under this instruction, the court did not leave to the jury the interpretation of the by-laws or rules of the organization.

(c) Appellant complains that the following portion of the court's charge, to wit: "If, however, you believe that he did offer to make payment of the dues and did actually tender the dues," was inadequate and incomplete, but does not state in what respect it is inadequate or incomplete. The tender showed his willingness and his ability to pay, and if believed was a valid tender. Under the testimony of the plaintiff and supported to some extent by a witness called by the defendant, the plaintiff offered to pay to the secretary of the local lodge the dues that were due and owing; that he had with him at that time the sum of $50, which was not disputed, would have been sufficient

to pay all the arrearages that were then due and that the secretary refused to open the books or give him a statement of the amount of dues then owing. The excepted portion of the charge is an excerpt from a general discussion and explanation of the plaintiff's testimony in which the court specifically stated that if the tender had been made in 1930 the tender was made far too late for plaintiff's wife to be placed in good standing, but if he did offer to make payment of the dues and it was actually tendered in May, 1929 and that payment was refused by the defendant association that in that event there was no further necessity upon the part of the plaintiff or his wife to make tender of dues each month thereafter. Further, counsel for appellant should have drawn the attention of the court to any inadequacy at the conclusion of the charge when the court asked counsel whether there were any further requests for additional instructions.

(d) We find no merit in plaintiff's contention that because the defendant society could only exist by and through subordinate lodges that it was necessary for the plaintiff to offer or tender dues at the lodge session to the financial secretary or the treasurer. There was no such requirement in the by-laws and a tender of the dues to one who is entitled to receive it, particularly at the place where he had possession of the books of the subordinate lodge, where upon mere examination it could have determined what if any dues were due and owing defendant, was sufficient. It was impossible for the plaintiff to have offered the exact amount due because he did not know and went to the home of the secretary for the express purpose of determining the exact amount due and offered to pay the dues which were then owing.

(e) Appellant further complains of the following portion of the court's charge, to wit: ''I may say to you that from all the testimony in the case there seems

to be no denial by the plaintiff that the alleged expulsion in March 1929 had been corrected," and contends that in view of such finding defendant was entitled to a directed verdict. This statement of the court was entirely in accordance with the testimony and with the theory upon which the case was tried. The deceased member's dues had been paid for the months of February and March on the 17th of March and no question was raised by the defendant that she was expelled for her failure to pay the February or March dues, but that the expulsion on the 1st of June was due to the failure to pay dues for the months of April and May. Defendant was clearly not entitled to a directed verdict for expulsion as of March 21, 1929; because nowhere does it appear in the record that she was expelled for the failure to pay dues as of that date. All of the controversy between the plaintiff and the society grew out of the incorrect statement that was inserted in the official organ, that she was expelled on that date, and which was later corrected. The issue that was submitted to the jury and the theory upon which the case was tried, was that the expulsion of the deceased took place as of the 1st of June, 1929.

(f) Appellant argues that it is entitled to a directed verdict because the testimony of the plaintiff is conflicting as to whether or not he offered to pay the dues on the benefit certificate of his wife and that the letters which were offered in evidence contained admissions which were not contradicted, explained or qualified, that he would not pay the dues. On examination in chief, plaintiff fixed May 1930 as the time that he had offered to pay the dues to the secretary of the Stockton lodge, but upon cross-examination stated that the time he offered to pay the secretary was May, 1929, and in response to several questions stated that it was in May, 1929 and not May, 1930. Under these circumstances, we cannot hold that it was a matter for

the court to determine that May, 1930 was the correct date instead of May, 1929; that was a question to be determined by the jury. Plaintiff's testimony as to the date, as we have heretofore pointed out, was corroborated by his son and by a witness called by the defendant itself. The letters, which were sent by plaintiff to the supreme officers of the defendant society and their replies, were apparently contradictory of plaintiff's testimony, and they properly were submitted to the jury to be considered in connection with plaintiff's oral testimony in determining the main question as to whether or not the tender of the dues had been made by the plaintiff in the month of May, 1929. As we view the entire testimony, it was a question of fact and the court below would have been unwarranted in withdrawing the question from the jury and directing a verdict for the defendant.

The assignments of error are overruled and the judgment is affirmed.